MICHAEL HUNTZICKER'S ADMR. *v.* PENNSYLVANIA R. CO.

[Abstract Kentucky Law Reporter, Vol. 6—662.]

**Negligence in Personal Injury Case.**

    One approaching a railroad crossing in the city of Louisville, who fails to look and listen to ascertain whether there is danger, and who exercises no care for his own safety and is killed by the cars, has no cause of action against the railroad company where it is shown to and found by the jury that the company's employes were not guilty of wilfully running the cars against him.

**Instruction to Jury.**

    It is not error for the judge in his instruction to the jury to close by saying to them in an impressive way, "Gentlemen of the Jury:

You will bear in mind that you are to try this case according to the law and evidence; remember you have been sworn to try this case according to law and evidence, that is all; now you can retire to your room and answer the questions propounded."

APPEAL FROM JEFFERSON CIRCUIT COURT.

March 21, 1885.

OPINION BY JUDGE LEWIS:

Appellant brought this action to recover for the destruction of his intestate's life by the alleged wilful neglect of the servants and agents of appellee.

It appears from the evidence that the decedent, who was at the time 77 years of age, lost his life by being run over by a train composed of an engine and three freight cars belonging to appellee, in attempting to cross the railway track where it intersected a public thoroughfare in the city of Louisville, called High street.

Upon the trial the jury in response to quetsions submitted to them in writing by the court, returned a special verdict and also a general verdict for defendant in accordance with which the court rendered judgment.

In response to the questions submitted, the jury found in substance that the death of the intestate was not caused by the wilful neglect nor by the carelessness of the employes of the defendant; that by the use of proper and reasonable care and diligence, intestate could have heard and seen the train approaching and avoided the accident; but that he did not do before attempting to cross, look or listen to discover whether a train was approaching on that track. They further find that the defendant's employes could not, after it appeared to them that the intestate was not aware of his danger and was about to cross the track in front of the train, have stopped it in time to avoid injury to him.

In addition to the questions submitted to the jury which did not cover all the facts necessary to enable the court to pronounce judgment, the court instructed them correctly as to what constituted "wilful neglect" and "carelessness" in the meaning of the law, and also as to the degree of care and diligence required of the employes of the appellee.

The special findings of the jury certainly are not so palpable

against the evidence as to authorize a reversal of the judgment on that account. For not only was the engine bell ringing as the train approached the place where the decedent lost his life, but the rate of speed was from only three to five miles per hour, and that if he had either looked or listened, he might have discovered the train in time to avoid the danger of crossing in front of it. But though the danger of crossing any one of the numerous tracks at that locality was extreme and patent, the decedent seems from the evidence to have had no care for his own safety, nor exercised any degree of caution and diligence required of him under the circumstances, which the employes of appellee had reasonable grounds to believe he would do. The evidence in our opinion sustains all the findings of the jury, or at least, sufficiently to forbid a disturbance of their verdict on that account.

One of the grounds relied on is the failure of the court to instruct the jury that if the decedent lost his life by the wilful negligence of appellee or his employes' contributory negligence on his part would not relieve appellee from responsibility. Clearly appellant has not been prejudiced by the refusal of the court to give this instruction, for the jury found that the hypothesis upon which it was based did not exist.

And being fully, and as we have already said, correctly instructed as to what constitutes both degrees of negligence, one of which must exist to authorize a recovery at all, the jury found from the evidence that the life of the decedent was not destroyed by either the wilful neglect or carelessness of appellee's employes. It was not necessary, and to have given any other or further instructions in respect to what it takes to constitute either degree of negligence, or in respect to the duties and responsibilities of appellee acting by its servants and agents, would have served only to confuse the minds of the jury.

The next error complained of is the action of the court which is thus set forth in the bill of exceptions: "The court after the case was made up, heard and tried and after the last speech was made, just before sending out the jury to find a verdict, said to the jury (not in writing): 'Gentlemen of the jury: You will bear in mind that you are to try this case according to the law and evidence; remember you have been sworn to try this case according to law and evidence, that is all. Now you can retire to your room

and answer the questions propounded.' " This was spoken to the jury in an extraordinarily impressive manner.

We are entirely unable to conceive how an admonition of the court to the jury to remember their oaths and to try the case according to the law and evidence could prejudice the legal rights of appellant.

He was only entitled to such verdict as the jury could render according to the law and evidence. And in the absence of any evidence or even suggestion that the court acted partially or for the purpose of depriving appellant of a fair trial, or that his action tended to defeat the ends of justice, we certainly can not regard the admonition to the jury as a ground for reversal. It would be better if it was given oftener and heeded more.

Judgment *affirmed*.

*M. A. & D. A. Sachs, for appellants.*

*Chas. H. Gibson, for appellee.*