## Stover v. Cincinnati, N. & C. Ry. Co.

(Decided Jan. 19, 1934.)

NORTHCUTT & NORTHCUTT and LULU A. NORTHCUTT for appellant.

GALVIN & TRACY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Lena Stover sued the appelle for $48,000, for injuries alleged to have been sustained by her, she was unsuccessful, and has appealed. She is not represented on this appeal by the same counsel who represented her on the trial.

One of the allegations of her petition is:

"Plaintiff says that as she started to leave said car for the purpose of boarding the front car, to continue her trip to her destination and while she was in the act of stepping from platform of said car on which she was a passenger, the defendant's agent and servants caused said car to move forward, with such a sudden, unnecessary and unusual jerk, that the plaintiff was thereby thrown to the street with such force and violence that she was permanently and painfully, internally and externally injured."

In its answer the appellee made a general denial and pleaded contributory negligence, which was controverted. All of Mrs. Stover's efforts on this appeal are directed to the instructions which are attacked as being equivalent to a peremptory instruction in disguise.

The court, in instruction No. 2, told the jury to not award Mrs. Stover for any pain or suffering which could have been minimized by the exercise of reasonable care in obtaining the required medical attention to have remedied or cured any condition that may have existed by reason of any injury received by her. Such an instruction was proper under the pleadings and evidence. See Illinois Cent. R. Co. v. Poston (Ky.) 125 S. W. 253, and Louisville & N. R. Co. v. Bennett, 183 Ky. 445, 209 S. W. 358.

In instruction No. 1, the court required the jury in order to find for her to believe she was injured because the appellee *negligently* moved this car while she was alighting therefrom. That is not the law; the appellee had no right to move this car at all while Mrs. Stover was in the act of alighting, no matter how carefully it did so. Kentucky Traction & Terminal Co. v. Peel, 185 Ky. 207, 214 S. W. 874; Louisville & N. R. Co. v. Chadwell's Adm'r, 212 Ky. 723, 280 S. W. 89; and other cases listed in 4 Kentucky Digest, Carriers, 303, (4) and (5).

Was the error in instruction No. 1 cured by instruction No. 4, given for the defendant, in which no reference to negligence is made? We think not. Under instruction No. 1, the jury was erroneously told the plaintiff could recover only if the defendant negligently moved this car. Under instructoin No. 4, the jury was told to find for the defendant if the car was not moved. The fourth instruction is not the exact converse of the first one. Three witnesses testified the car was moved, and three testified it was not. The jury may have believed from the evidence this car was moved while Mrs. Stover was alighting but was not negligently moved, and that would be a situation not included in either of these instructions.

"An instruction which is inaccurate or incomplete may be cured by subsequently supplying the defect or accurately stating the law, yet if it is erroneous, in that it states the wrong rule by which the jury are to be governed, it is not cured by another instruction stating the right rule as it is impossible to tell by which rule the jury was actually controlled in reaching its verdict." 14 R. C. L. 813, sec. 72.

"Subject to the qualification that the erroneous instruction must be on a material issue, and misleading, it is the general rule that an erroneous instruction is

not cured by the mere giving of correct instructions, necessarily inconsistent therewith, since, under such circumstances, it is impossible to tell which charge the jury followed." 64 C. J. 984, sec. 763.

See Ayer & Lord Tie Co. v. Teel, 180 Ky. 47, 201 S. W. 466; Louisville & N. R. Co. v. Murphy, 6 Ky. Law Rep. 662; Eisfelder v. Klein, 5 Ky. Law Rep. 138; Grubb's Ex'r v. Black, 1 Ky. Opin. 501; Burton's Adm'r v. C., N. O. & T. P. R. Co. (Ky.) 113 S. W. 442; Louisville R. Co. v. O'Connor, 101 S. W. 305, 30 Ky. Law Rep. 1329.

The jury is not able to select from contradictory instructions the one which correctly states the law, and ought not to be expected to do so and may not have done so. Hence the error in these instructions is prejudicial. The jury is told nothing in instruction 3 that is not told it in instruction 4, so upon the next trial instruction 3 will be omitted.

Judgment reversed.