## L. H. & St. L. Ry. Co. v. Stillwell.

(Decided February 17, 1911.)

Appeal from Breckinridge Circuit Court.

Personal injury—Action for Damages— Instructions. — Plaintiff, a passenger on defendant's train, claimed that after the station was announced and the train began to slow up, he left the car and took a position on the steps of the car preparatory to alighting therefrom, and was thrown from the train by an unusual and unnecessary jerk. In addition to denying the allegations of the petition, defendant pleaded contributory negligence. Held, that an instruction which told the jury that the defendant was liable in damages for any injuries sustained by plaintiff while aboard defendant's train was error. Held, also that an instruction which told the jury that defendant had the right after the station was announced and the train began to slow up, to leave the car and go upon the platform, was likewise an error. Whether or not plaintiff exercised ordinary care for his own safety in leaving the

car and in taking a position upon the platform or steps, and while remaining upon the steps, was a question, not of law, but of fact, to be determined by the jury under proper instructions.

R. A. MILLER and J. R. SKILLMAN for appellant.

CLAUDE MERCER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellee John W. Stillwell brought this action against appellant Louisville, Henderson & St. Louis Railway Company to recover damages for injuries alleged to have been due to appellant's negligence. The jury returned a verdict in his favor for $700.00 and from the judgment based thereon the Railroad Company appeals.

On November 30th, 1909, appellee purchased a ticket from Hardinsburg, Kentucky, entitling him to transportation over appellant's line of railway to a station called Kirk. At about 7:30 P. M., appellee boarded appellant's train. The train was due at Kirk a few minutes before eight o'clock. Appellee testifies that, upon the approach of the train to Kirk, the usual station signal was sounded by whistle and an employe came into the coach where appellee was seated and cried, "All out for Kirk." The train then began to slow up preparatory to coming to a stop at Kirk. Appellee arose from his seat, walked to the door of the coach, passed out upon the platform and took a position upon the steps of the car. While holding to the railing and when within a few feet of the usual stopping place, he claims the engineer in charge of the train violently turned on the air with such force that it precipitated him headlong to the ground. He struck on his left shoulder and side and received injuries which he claims are permanent. Mr. Jarboe corroborates appellee's statement in regard to the suddenness and force with which the air was applied to the brakes.

The only ground urged for reversal is the failure of the trial court properly to instruct the jury.

Instruction No. 1, given by the court, is as follows:

"The court instructs the jury that the plaintiff, John W. Stillwell, is admitted by the defendant to have been a passenger for compensation paid said defendant on the train upon which the said alleged accident occurred; and

further instructs it was the duty of the defendant to exercise the greatest degree of care and foresight for his safe arrival at Kirk, Kentucky, as compared with and limited by that care and diligence of a prudent man engaged in that business; and defendant is responsible to plaintiff in damages for any injury sustained by him, if any, while aboard the defendant's train on the steps or platform of the coach in which he was riding, preparatory to alighting therefrom when the train should stop at said station, and if the jury shall believe from the evidence that plaintiff went upon the platform or steps of said coach after the signal sounded by whistle for said station had been announced by the defendant's employes, and he was thrown therefrom to the ground by the violent jerking or bumping of said train, if there was any, by the operation of its movements which arose from the neglect upon the part of said operation, and was thus injured, the jury shall find for him in damages such sum as is warranted by the evidence not to exceed the sum of $10,000.00, the amount claimed in the petition.''

It will be observed that, in the above instruction, the court told the jury that the defendant was responsible to plaintiff in damages for any injuries sustained by him while aboard defendant's train, on the steps or platform of the coach in which he was riding, preparatory to alighting therefrom when the train should stop at said station. It may be that the court meant to convey the idea that defendant was responsible only in the event it was guilty of negligence; but there is no qualification attached to the language used. Having told the jury in unequivocal language that defendant was responsible for any injuries sustained by plaintiff, the jury had the right, under the language employed, to find for plaintiff, and may have done so in spite of the issues submitted by the other instructions. A statement like the one employed has no place in an instruction, and the court in making use of the same erred to the prejudice of appellant's substantial rights.

Instruction No. 4 is as follows:

''The court instructs the jury that the plaintiff had the right while the train was in motion to go upon the platform or steps of said coach in which he was riding preparatory to alighting therefrom at Kirk, if he did so after the station of Kirk had been announced by defendant's employes and the train was slowing up prepara-

tory to coming to a stop, provided if in so doing he exercised ordinary care for his own safety to avoid injury after arriving upon the platform or steps, and if the jury shall believe from the evidence that plaintiff failed to exercise ordinary care for his own safety, after being upon the platform or steps of said coach, and that in consequence thereof he was injured, as complained of, then the law is for the defendant and the jury should so find; but on the contrary, if the jury shall believe from the evidence that the plaintiff exercised ordinary care for his own safety when upon the steps or platform of said coach, and he received the injuries complained of, if any, through the negligence of the defendant as set forth in the foregoing instructions, then the law is for the plaintiff and the jury should so find, as hereinbefore set forth."

In the foregoing instruction the court held, as a matter of law, that plaintiff, after the station of Kirk had been announced and the train was slowing up preparatory to a stop, had a right to leave the car and go out upon the platform or steps, and required of the plaintiff the exercise of ordinary care for his own safety only after he took a position upon the platform or steps of the coach. It is insisted by counsel for appellee that this instruction is authorized by the opinion of this court in Louisville & Nashville R. R. Co. v. Head, 22 Ky. Law Rep. 722, wherein the court used the following language:

"Appellant complains of the action of the trial court in refusing a peremptory instruction for defendant. It is insisted that this instruction should have been given on the theory that in going on to the platform of the moving train appellee was guilty of contributory negligence precluding a recovery. The court on the trial gave an instruction submitting to the jury the question of contributory negligence in going upon the platform of a moving train. Unless the court could say, as a matter of law, that in going onto the platform while the train was in motion, and after the station whistle had sounded, appellee could not recover, the instruction given is correct, and fairly presents the law. We are of opinion that, as a legal proposition, it is not such contributory negligence as will defeat a recovery to go onto the platform of a moving train.

"To go onto the platform while the train is in motion might properly be held in some cases to be such negli-

gence as will defeat a recovery, while in other cases it would not. The facts and circumstances of each case will govern. It was, therefore, proper to submit to the jury in this case the question of appellee's contributory negligence.''

In using the language above referred to, the court was discussing the question whether or not the defendant in that action was entitled to a peremptory instruction. The court held that it could not say, as a matter of law, that in going onto the platform while the train was in motion and after the station whistle had sounded, appellee was guilty of contributory negligence; it did hold, however, that the facts of each case must govern and that the question of contributory negligence was for the jury. Viewed in this light, therefore, the language employed in the above opinion is neither authority for holding, as a matter of law, that a passenger in going upon the platform of a coach while the train is in motion has a right to do so, or that he is guilty of contributory negligence. That being true, it follows that the court in this case erred in telling the jury that plaintiff, as a matter of law, had a right to go upon the platform or steps of the coach after the whistle had been sounded and the train had begun to slow up preparatory to a stop. Appellant's main contention was that appellee's very act in leaving the coach and in taking a position upon the steps while the train was in motion constituted the contributory negligence complained of, and that this question should have been submitted to the jury. The question was not so much whether appellee exercised ordinary care while standing upon the steps, as it was whether he exercised ordinary care in leaving the coach and taking a position upon the steps. In failing to submit this question to the jury, the court erred to appellant's prejudice; and the abstract instruction on contributory negligence did not cure the defect, because the jury did not have the right, under that instruction, to find that appellee was guilty of contributory negligence in leaving the coach and taking a position upon the steps while the train was in motion, when the court had already told them in another instruction that he had the right so to do.

In lieu of the instructions given on the former trial, the court, on the next trial, if the evidence be the same, will instruct the jury as follows:

''1. If you believe from the evidence that plaintiff exercised ordinary care for his own safety in leaving the

car and in taking a a position upon the steps thereof and while standing in that position, that he was thrown from the car by an unusual and unnecessary jerk of the train, and injured, you will find for the plaintiff.

"2. If, however, you believe from the evidence that the plaintiff voluntarily attempted to alight from the train before it reached the station, or he was thrown from it by a usual and necessary jerk of the train, or that he was himself guilty of negligence in leaving the car and taking a position upon the steps, or while stand·ing upon the steps, and that his said negligence, if any, so contributed to his injuries that but for said negligence his injuries, if any, would not have been received, you will find for the defendant.

"3. If you find for plaintiff, you will award such sum in damages as will fairly compensate him for his mental and physical suffering, if any, and for the permanent reduction, if any, of his power to earn money which you may believe from the evidence was the proximate result of his injuries, if any.

"4. Negligence is the absence of ordinary care, and ordinary care is that degree of care which an ordinarily prudent person would exercise under circumstances like or similar to those proved in this case."

Judgment reversed and cause remanded for a new trial consistent with this opinion.