## Wilder v. Louisville Railway Company.

(Decided January 20, 1914.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Street Railroads—Injury to Passenger—Liability of Company.— If a passenger is injured by the starting of a street car with a jerk that was unusual and unnecessary and so violent as to show a want of proper care on the part of the motorman, the company is liable and an instruction telling the jury to find for the plaintiff if the car was started with a sudden and violent, unusual and unnecessary jerk, substantially conforms to this rule.

2. Jury—Discretion of Court in Excusing Juror.—The court did not abuse a sound discretion in excusing from the jury a person whose sister-in-law, who lived at his house, had a suit against the company in which he had taken some interest.

3. Jury—Action of Court in Excusing Juror—Presumption.—It will be presumed that the court ruled properly in excusing persons from the jury where the record does not disclose the facts upon which these rulings were made.

O'DOHERTY & YONTS, JAMES W. GARRISON and WALTER S. MENDEL for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

In this case on the first trial the plaintiff recovered $3,000 against the defendant; but on appeal the judgment was reversed. (Louisville Ry. Co. v. Wilder, 143 Ky., 436.) On the return of the case it was tried again, the jury failing to agree. On the third trial of the case there was a verdict in favor of the defendant; judgment having been entered on the verdict, the plaintiff appeals.

The instructions of the court follow the directions of the former opinion which sets out fully the facts of the case, the proof on the last trial being practically what it was on the first. It is doubtful if there was sufficient evidence on the last trial to submit to the jury the question whether the car was started with a violent and unnecessary jerk   This court held on the former appeal that there was not sufficient evidence to take this question to the jury. The trial court, however, did submit the question to the jury telling them that if they believed from the evidence that the car was started "with a sudden and violent, unusual and unnecessary jerk," and that thereby the plaintiff was thrown to the floor and injured, they should find for her. It is insisted that the copula "and" should not have been used, and that instead of this the word "or" should have been used so that the instruction would read "a sudden or violent, unusual or unnecessary jerk." The rule we have laid down is that the company is liable if the car is given a jerk that was unusual and unnecessary and so violent as to show a want of proper care on the part of the motorman. (I. C. R. R. Co. v. Dallas, 150 Ky., 442; Central Ky. Traction Co. v. Smedley, 150 Ky., 598; Lunsford v. L. & N.

R. R. Co., 153 Ky., 283, and cases cited.) The instructions of the court substantially conform to this rule. A jerk may be unusual, but it may be necessary under the circumstances, and it may be violent or sudden, and yet this may be unavoidable.

There was no substantial error in the admission of evidence. The plaintiff's case rested on the claim that she was thrown down by a sudden jerk of the car when it was negligently started while she was entering the car with her child in her arms. The defense was that the plaintiff was not carying the child and stepped upon her dress and so fell before the car started. The issue in the case was fairly presented to the jury, and they evidently found for the defendant, because they accepted as true this version of the accident.

Upon the examination of the panel of eighteen men one of them stated that his sister-in-law had a suit against the railroad company in which he had taken some interest theretofore; but that he was not taking any interest in it then; that his sister-in-law lived at his house, and he did not know whether or not the suit was pending. The court excused him from the panel, and of this the plaintiff complains. In ruling upon challenges for cause the court has a wide discretion; and his conclusion will not be disturbed on appeal unless his discretion is abused. There was evidently no abuse of discretion in excusing this juror, as his sister-in-law lived in his house and he had taken an interest in her suit against the company. Some complaint is made of the ruling of the court as to two other members of the panel, but the record does not disclose the facts upon which these rulings were made, and we must presume the court ruled correctly.

Judgment affirmed.