## South Covington & Cincinnati Street Railway Company v. Trowbridge.

(Decided February 23, 1915.)

Appeal from Kenton Circuit Court
(Common Law & Equity Division).

1.   Carriers—Carriers of Passengers—Personal Injuries—Management of Conveyances—Lurch of Street Car Causing Passenger to be

Thrown off Rear Platform.—Where a passenger on a street car signalled for the car to stop and went out on to the rear platform of the car preparatory to alighting therefrom, but the car in disregard of his signal did not stop, and at about the point where it should have stopped entered upon a curve, causing a lurch of the car consequent upon the change of direction, and throwing the passenger from the platform to the ground and injuring him, the passenger may not recover unless the lurch of the car was unusual, unnecessary, and of such violence that it would reasonably be expected to cause a passenger on the rear platform exercising ordinary care for his own safety to be thrown therefrom; if it was such a lurch and the plaintiff while exercising ordinary care for his own safety was thereby caused to be thrown to the ground and injured, he is entitled to a recovery, if the agents of the carrier knew or in the exercise of the highest degree of care practicable and consistent with the proper conduct of the carrier's business could have known of his presence thereon.

2.   Carriers—Carriers of Passengers—Contributory Negligence of Person Injured—Dangerous Position—Platform of Street Car—Failure to Grip Hand Rail Firmly.—It is not negligence per se to stand upon the platform of a street car in motion. And, where a passenger so standing, fails to grip the hand rail firmly, having gone out on to the platform after giving a signal for the car to stop at a point half a block distant, it is for the jury to say whether he was guilty of contributory negligence.

ROBERT C. SIMMONS for appellant.

WILLIAM J. DEUPREE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

William Trowbridge sued the South Covington & Cincinnati Street Railway Company to recover damages for injuries sustained by him when thrown from a street car operated by the defendant. There was a verdict and judgment for the plaintiff, and defendant appeals.

Trowbridge boarded a street car in Cincinnati to go to his home in Oakdale, Kentucky. When the car reached Oakdale and was proceeding south over Huntington Avenue, and when about half a block from Oakdale Avenue, where he wished to alight, he signaled for the car to stop and went out on to the rear platform of the car for the purpose of getting off.

As he stood there the car came to Oakdale Avenue without reducing speed, disregarding his signal, and entered upon a curve in the track. This curve begins approximately at the intersection of the street car tracks with the center line of Oakdale Avenue, and terminates

about fifty feet further on at the point where the two lines merge into a single track.

Trowbridge was standing on the platform with one hand resting upon, but not grasping, the hand-rail, and it seems that a lurch of the car about the time or just after it struck this curve in the track caused him to be thrown to the ground, whereby he sustained the injuries to recover damages for which he instituted this action.

The proof as to what caused Trowbridge to be thrown from the car is not clear, and is open to the interpretation that it was either the lurch of the car consequent upon its change of direction in striking the curve, or a jerk caused by the manner of its operation. He was asked whether there was any lurch or jerk to the car, and replied: "Yes, sir; jerked me; threw me off." But at another place he says: "The car did not stop at all; went on past Oakdale Avenue, and struck the curve in the track there and threw me off the car."

1. It is contended by appellant that appellee was guilty of contributory negligence as a matter of law, because he did not have a firm hold upon the hand-rail as he stood upon the platform of the car.

In Louisville & N. R. Co. v. Head, 59 S. W., 23, 22 R., 863, Head was aboard a train en route to Cavespring. When the train approached the station the usual station whistle was sounded, and Head left his seat and went out on to the platform of the coach while the train was in motion. The train passed the station at a speed of thirty miles per hour; and Head either jumped or fell or was thrown from the platform and was injured. In that case it was contended for the railway company that the trial court erred in denying defendant's motion for a directed verdict; and this court held that the issue of contributory negligence was properly submitted to the jury.

In the case of Louisville Railway Company v. Osborne, 157 Ky., 341, the court said: "It may or may not be negligence, depending on the facts of the particular case, to make preparations to leave a railroad car before it comes to a stop, or to stand on the platform of the car of a railroad train while it is running. Sandlin v. Lexington Ry. Co., 110 S. W., 374; L. H. & St. L. Ry. Co., 142 Ky., 330. It is, however, customary for persons to stand on the platform of street cars while they are running, and to make preparations to leave the car before it comes to a stop. This custom is of such common and

general use that it may be said to be approved by street railway companies, and so a passenger, in the exercise of reasonable care for his own safety, may stand on the platform of a street car while it is running, and may make preparations to leave the car before it comes to a stop at his place of destination, by going from the interior of the car to the platform, without being guilty of negligence. The platforms on street cars are so arranged as not only to permit but invite passengers to stand on them when the car is running, and, in accordance with this usage, which is recognized and permitted by street railway companies, a passenger has the right to stand on the platform and to go from the inside of the car to the platform before the car stops at his destination.''

2. The mere act of going out on the platform, therefore, was not negligence upon the part of appellee. But it is contended by appellant that appellee was negligent in failing to have a firm grip upon the hand-rail. In the Osborne case, *supra*, Osborne did not have a firm grip on the hand-rail when he was thrown from the car; and the court held that whether he was exercising ordinary care for his own safety should go to the jury along with the other issues. We will not say that the failure to firmly grip the hand-rail was negligence *per se* when the passenger had given a signal to stop at the next street intersection, and had a right to expect the car to stop there in obedience to his signal. Whether, under such circumstances, the passenger exercised ordinary care for his own safety was a question for the jury. Appellant suggests that appellee had no right to relax his vigilance because he could have seen that the car was not going to stop at Oakdale Avenue; but he was thrown from the car at a point only fifty feet from the center of Oakdale Avenue, and if the car was only making ten miles per hour, it would have traveled nearly fifteen feet per second. A failure to increase his vigilance in such a short period of time will not be said to constitute negligence *per se,* under the circumstances here shown.

3. ''It is elementary law that a street car company as a common carrier of passengers must exercise the highest degree of care practicable and consistent with the proper conduct of its business to insure their protection from injury while being carried.'' South Covington & Cin. St. Ry. Co. v. Harris, 152 Ky., 750.

4.   A street car must be operated with regard to the situation of the passengers as known to, or as it should be known to, the servants in charge thereof.   6 Cyc., 625; 4 R. C. L., p. 1156.

In South Cov. & Cin. St. Ry. Co. v. Hardy, 152 Ky., 374, 153 S. W., 474, 44 L. R. A. (N. S.), 32, the passenger was riding on the platform because the interior of the car was crowded, and the court held that he was "entitled to the same protection as if seated in the car and the company is charged with the duty of taking notice of the danger, if any, that attends his position, and must exercise corresponding care to protect him from accident." In that case the car was going down a grade upon which the track was not in good condition, which caused a lurching of the car, throwing other passengers against appellee and knocking him from the car. According to plaintiff's evidence in the present case he rang the bell as a signal for the car to stop and the conductor saw him go out on the platform. But whether the conductor saw him or not, it would still be for the jury to say whether, in the exercise of the care which the carrier's servants owed to the passenger, they could have known of his position on the platform; and if they could have known it, whether they operated the car in a manner comporting with that knowledge and with that care which they owed to the passenger.

5.   The court instructed the jury that if they believed from the evidence "that at the time and place of the accident to the plaintiff, mentioned and described in the evidence, the defendant's agent and servants in charge of its car, ran said car upon the curve in its tracks, mentioned in the evidence, at such speed as to cause said car to violently jerk or lurch, and that by reason thereof the plaintiff was thrown from the car and injured, the jury will find a verdict for the plaintiff, etc."

Of this instruction appellant complains upon the ground that it fails to require that the jerk or lurch should have been unusual, unnecessary and of such violence as to indicate a failure to exercise proper care in the operation of the car; and this complaint, we think, is well taken. The rule in this State is that the passenger who is injured by reason of a jerk or lurch of the conveyance may not recover therefor unless the jerk or lurch was unusual, unnecessary and of such violence as to indicate a want of the required care in the operation

of the conveyance. Louisville Railway Company v. Osborne, 157 Ky., 341.

The court should have instructed the jury, in substance, that if they believed from the evidence that at the time of the accident to plaintiff, the defendant's agents and servants in charge of the car knew, or, in the exercise of the highest degree of care for its passengers practicable and consistent with the prudent management of the car, could have known, that plaintiff was upon the rear platform of the car; and, that defendant's agents and servants in charge of the car operated it against or into the curve in the track at such a high rate of speed as to cause an unusual and unnecessary lurch of the car, of such violence that it would reasonably be expected to cause a passenger on the rear platform of the car, exercising ordinary care for his own safety, to be thrown therefrom; and that plaintiff, while exercising ordinary care for his own safety, if he was so doing, was thereby thrown from the car and injured, they should find for the plaintiff.

Judgment reversed and cause remanded for proceedings consistent with this opinion.