## Louisville Railway Company v. Osborne.

(Decided October 5, 1916.)

Appeal from Jefferson Circuit Court.
(Common Pleas Division No. 4).

1. Appeal and Error—Opinion on First Appeal—Law of Case.—The opinion of this court on the first appeal of a cause is conclusive between the parties in a second appeal upon all points raised in the first appeal, and which were not criticised therein, unless they were expressly left open by this court for future determination, and where a number of points are presented on the first appeal of the case, but the judgment is reversed on some of them only, with no reference in the opinion as to the others, the points not referred to are considered to have been determind adversely to appellant's contention, and are res adjudicata upon a second appeal of the same case.

2. Appeal and Error—Instructions.—The instructions given upon the second trial examined, and found to substantially conform to this court's former opinion, and directions to the trial court, as contained therein.

STRAUS, LEE & KRIEGER and ALFRED SELIGMAN for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. The opinion rendered in the first appeal is reported in 157 Ky. 341, where the facts will be found to be stated with considerable detail, and we will make only such references to them as may be necessary to the consideration of the points raised in this appeal. It is a suit to recover damages for personal injury alleged to have been sustained by plaintiff (appellee) because of the negligence of the defendant (appellant) while the plaintiff was a passenger on one of its street cars in the city of Louisville, whereby the plaintiff was caused to be thrown to the street, sustaining injuries for which he sues.

The plaintiff was traveling out Fourth street, in Louisville, and his destination was Breckinridge street; Broadway, which crosses Fourth street, is some three or four blocks north from Breckinridge street, and plaintiff claims that at Broadway he mentioned to the conductor that his destination was Breckinridge street, and that he also did this when the car reached York street, which is the first one immediately north from Breckinridge street, his destination. At that time the stopping place of defendant's cars was the near side of the intersecting street, which, in this instance, would have been the north side of Breckinridge street. The place for the stopping of cars at intersecting streets had been, up to within about two months of that time, the south side of such intersecting street, but, as stated in the former opinion, the fact of this change has no material bearing upon this case. The plaintiff was encumbered with baggage consisting of a couple of baskets and a suitcase, and had gone to the rear platform when the car crossed York street, and was engaged in conversation with Dr. Aquilla Webb, who, it seems, had agreed to assist him in removing his baggage when his destination was reached. As the car approached Breckinridge street there was no apparent slackening of the speed, but the plaintiff, according to his testimony, turned his face west, placing the steps, upon which he was to alight, in front of him, so as to be prepared to alight from the car when it should be stopped for that purpose. He furthermore testified that somewhere between the north and south sides of Breckinridge street there was a sudden, unusual, and, as contended by him, unnecessary lurch or jerk of the car, of such force as to cause him to

fall from the platform on to the street, whereby he sustained his injuries. It is furthermore shown by him, and admitted by the conductor, that the car did not stop on the north side of the street, but it is admitted by both the conductor and the motorman that a signal was given by the former to the latter to stop on the south side of the street, which stop was made just as the rear end of the car passed the sidewalk space on its south side; but they deny that there was any application of brakes or of the current, or anything, to produce a jerk of any kind, and deny that there was any such jerk. The evidence is not clear as to the precise point that the plaintiff fell, but he testified, and the preponderance of the testimony sustains him, that the fall occurred somewhere between the middle and the south side of Breckinridge street, and before the car stopped.

Upon the first trial there was a verdict and judgment for plaintiff awarding him the sum of one thousand dollars, and upon the last trial he was given a verdict and judgment for fifteen hundred dollars. On this appeal reversal is asked upon three grounds: First, because the verdict of the jury is flagrantly against the evidence; second, because the Court refused to instruct the jury concretely as to the defendant's theory of the accident; and third, because of errors in instructions which the Court gave to the jury.

Considering these in the order mentioned, it may be said that the evidence is largely preponderating to the effect that there was no jerk of any kind at the time and place complained of; but this same objection was made upon the former appeal, with the evidence upon the two trials being substantially the same, as is admitted by both parties. This point was urged with as much force upon the first as it is upon this appeal, but in the first opinion it was tacitly (by not mentioning it) determined that a reversal of the first judgment was not justifiable upon this ground, and consequently that there was no error in refusing a new trial therefor. Under such circumstances the point is closed to the objecting party on any appeal subsequent to the first one, and becomes, by the first opinion, *res adjudicata*. United States Fidelity and Guaranty Company v. Blackley-Hurst & Company, 27 Ky. Law Rep. 392; Smith v. Brannin, 79 Ky. 114; Stewart's Admr. v. L. & N. R. R. Co., 136 Ky. 717; Dupoyster v. Ft. Jefferson Improve-

# Louisville Railway Co. v. Osborne. 351

ment Co., 121 Ky. 518; Illinois Life Insurance Co. v. Wortham, 119 S. W. (not reported) 802; Wall's Exr. v. Dimmitt, 141 Ky. 715. Without burdening this opinion with excerpts from the various cases referred to, it will be sufficient to say that in the last mentioned case, upon the point under consideration, this court quoted with approval from the United States Fidelity and Guaranty case, *supra,* to the effect:

"It is elementary that on the second appeal, the opinion of the first appeal must be treated as the law of the case, and all questions which were then presented and properly before the court are as conclusively settled, though not referred to in the opinion, as if each is specifically mentioned and considered." See, also, Volume 6, Second Edition A. & E. Ency. of Law, pages 192-3. The rule, as one of practice, seems to be quite firmly settled, especially so in this state. If, however, the first opinion shows that the point urged was not determined either one way or the other, it will not be closed to the complaining party upon a subsequent appeal, as this furnishes conclusive evidence that the point was not adjudicated. This is expressly held by this court in the case of Illinois Life Insurance Company v. Wortham, *supra,* when it is said: "Even though these questions were not made, where they were such as should or might have been made, and were before the Court, they will be regarded as having been passed on. This rule has been invariably adhered to in all cases where the opinion does not expressly state that a particular point is not passed on." Under this rule the cases of Continental Insurance Company v. Hargrove, 143 Ky. 400; I. C. Railroad Co. v. Long, 146 Ky. 170; and other similar ones relied on by appellant, have no bearing, because the first judgment therein was reversed upon the very point which was urged on the subsequent appeal, and necessarily that point was left open and might be relied on by the unsuccessful party in a second trial or appeal from an adverse judgment therein.

Second. Complaint is made because the court did not submit, through instructions to the jury in a concrete form, what defendant claims to be its defense, and criticism is made of what the court said to the jury on the question of contributory negligence of the plaintiff (which was pleaded in general terms in the answer) by Instruction No. 3, which is:

"It was the duty of the plaintiff, Edward R. Osborne, at the time and place referred to in the evidence, to exercise ordinary care for his own safety, and if the jury shall believe from the evidence that at the time and on the occasion mentioned in the evidence that he failed to exercise that degree of care for his own safety, and that by reason of such failure on his part, if any there was, he helped to cause or bring about the injuries of which he complains, and that he would not have fallen and been injured but for such failure on his part, if any there was, then the law is for the defendant and the jury should so find, although they may believe from the evidence that the defendant was negligent as defined in the first instruction."

It may be conceded that the more modern rule upon this subject, when the pleadings and facts justify it, is to instruct the jury not in general or abstract terms, but submit to it in concrete form the theory of each party to the cause, as is stated by this court in the case of L. & N. Railroad Co. v. King's Admr., 131 Ky. 347, when it said:

"It may be considered that for a long time it was the practice to give instructions in a general or abstract form, just so the facts in evidence justified the giving of such instructions. The tendency of the modern decisions, however, is to give the instructions in as specific and concrete a form as possible (citing cases). As the purpose of pleadings is to lead to an issue, the purpose of instructions is to present that issue in the form most intelligible to the jury. It cannot be doubted that if the court embraces in one instruction the facts constituting the defendant's negligence, and in another instruction facts which if true would constitute contributory negligence upon the part of plaintiff, the jury can better determine the exact question to be decided."

Other cases, both preceding and following that one, hold to the same rule, but in each of them it will be found that the facts justifying the concrete instruction were shown by at least some testimony to have existed, which is extremely doubtful in the case we are now considering. But, be this as it may, we find upon an examination of the transcript of the first appeal that practically the same concrete instructions were offered as were offered on the last appeal, but the court declined to give them upon the first trial, as it did upon the last, which ruling

was vigorously urged upon the first appeal as grievous error. This court, however, in the first opinion, did not so regard it, and declined to uphold the appellant's contention therein, reversing the case upon other points which, under the rule that we have hereinbefore considered, renders this question in this appeal also *res adjudicata.*

Third. There remains to be considered the third and last ground urged for a reversal, which is that the instructions given upon the last trial did not conform to the opinion rendered upon the first appeal. Upon the first trial the court by its instructions fixed liability upon the defendant if "the car gave an unusual or sudden jerk" by which the plaintiff was made to fall and sustain his injuries; in the former opinion this language was criticized because it is said therein: "But the carrier is not liable for an accident that happens on account of a sudden jerk, unless it was unnecessary and violent. A slight jerk, although it may be unnecessary, is to be expected in the ordinary movement of the cars and cannot be made the basis of an action for negligence, but where a jerk is unusual, unnecessary and violent, it may be made the basis of an action for negligence." Wilder v. Louisville Railway Co., 157 Ky. 17. It is then determined that the language quoted, *supra,* from the instruction, did not properly define negligence on the part of the defendant, and it is pointed out the character of instructions which the court should give upon another trial thus:

"In place of instruction number four the jury should have been instructed in substance that if they believed from the evidence that while the plaintiff, in the exercise of ordinary care for his own safety, was standing on the platform of the car, he was caused to fall from it by an unusual and unnecessary jerk in the movement of the car of sufficient violence to indicate a want of the required care in the operation of the car, as defined in instruction number one, they should find for the plaintiff, but, on the other hand, if they believe from the evidence that the plaintiff was not caused to fall from the car by an unusual and unnecessary movement of the car of sufficient violence to indicate a want of the required care in the operation of the car, as defined in instruction number one, but that he fell on account of some careless act of his own, they should find for the defendant."

Upon the last trial, these directions were not only substantially, but almost literally, complied with. It is argued, however, that the trial court should not have said in instruction number one that it was the duty of the defendant to exercise the highest degree of care, etc., "to carry the plaintiff safely, and to give him reasonable opportunity to alight from the car in safety," because it is insisted that the plaintiff does not claim that he sustained his fall while he was attempting to alight from the car. This same language, or substantially so, was used in the instruction in the first trial, and we find no criticism of it in the first opinion. The instruction was modified on the last trial so as to conform to the directions of this court as given in the first opinion. But, however this is, we regard the objection as more technical than substantial, because all of the negligence, if any, of the defendant, and which is complained of, is connected with and grows out of a failure to so manage or handle the car as to permit the plaintiff to alight therefrom at Breckinridge street. If the testimony of the plaintiff be correct as to his notifying the conductor of his destination, the car should have been stopped at the near side of Breckinridge street, and the necessity of its going further was produced through the negligent omission of the defendant, and plaintiff was thereby deprived of an opportunity to alight from the car in safety at the usual stopping place. If, in an effort to correct this omission, by crossing over to the south side of the street, the plaintiff was made to fall from the car through some violated duty toward him by the defendant, then he was not given an opportunity to alight from the car with safety. Neither was it essential to have used in the instruction, immediately following the language above quoted, the words: "When he arrived at his destination," as is insisted by appellant, for everybody concedes that his destination was Breckinridge street, and no juror capable of a seat on the jury could have possibly concluded that it was the duty of the defendant to give plaintiff a reasonable opportunity to alight from the car in safety at any point other than his destination, as disclosed throughout the record. A similar contention, with reference to instructions upon the second trial of the case, was made in the case of L. & N. Ry. Co. v. Setser's Admr., 149 Ky., 162. But it was held in that case that the instructions upon the last trial conformed

substantially to those indicated as being the correct ones in the first opinion. The evidence upon each trial was substantially the same, as in the instant case. It was held therein that the law of the case was settled in the former opinion, and that upon the last trial the court substantially followed the directions of this court in the first opinion, and that there should be no other instructions given, other than those directed by the first opinion. According to our view, that case, and the one we have here, are similar, in that we fail to see wherein the trial court upon the last trial failed to follow substantially the directions given in the first opinion in this case.

Perceiving no error authorizing us to reverse the judgment, it is affirmed.