## Cincinnati, New Orleans & Texas Pacific Railroad Company, et al. v. Jacobs.

(Decided May 24, 1927.)

### Appeal from Lincoln Circuit Court.

1. Master and Servant.—Conflicting testimony that crushing of hand of plaintiff railway employee between ties and door as he was unloading ties was caused by sudden, violent, and unusual jerk of train, held sufficient to take case to jury.
2. Master and Servant.—Section hand may recover from railroad for injuries sustained while unloading ties by reason of unusual and unnecessary jerk so violent as to show want of ordinary care on the part of those operating train.
3. Appeal and Error.—The Court of Appeals may not disturb verdict of a jury because it is against the weight of evidence, unless it is palpably so, under the constitutional guaranty of jury trial.

K. S. ALCORN for appellant.

LEWIS L. WALKER and GEORGE D. FLORENCE for appellee.

Opinion of the Court by Commissioner Hobson— Affirming.

Virlee Jacobs was a section hand on the Cincinnati, New Orleans & Texas Pacific Railway. In the course of his employment his right hand was seriously mashed between the end of a cross-tie and the facing of a car door as he was throwing the cross-ties out of the car. He brought this action against the company to recover for his injury, on the ground that it was caused by the negligence of the company. The allegations of the petition were controverted; the case was heard before a jury, who returned a verdict for the plaintiff in the sum of $500; the company appeals.

There is no complaint of the amount of the verdict, or of any error of the court in admitting or rejecting evidence, or in instructing the jury except in refusing a peremptory instruction for the defendant. The only com-

plaint is that the court should have instructed the jury peremptorily to find for the defendant and that the verdict of the jury is palpably against the evidence.

Put in narrative form the plaintiff's testimony is as follows:

"My brother and I had hold of the tie. He had hold of the back end and I had the front end. When I was about a couple of feet from the door and about in the center of the door, the train jerked me just before I got ready to let my end go out. It jerked me about the middle back to the side of the door. The train gave an unusual jerk; the hardest jerk I ever saw, and threw me against the door and got my hand in between the end of the cross-tie and the door facing. I have been running on the train doing this work for about three years. It was a harder jerk than ever I had seen. There was no occasion for any jerking of the train that I know of. The train was running slow, about three miles an hour. It was a very hard, unusual, and unnecessary jerk. It also knocked my brother down. He fell on the floor, and the tie fell against his leg."

The testimony of his brother, Tennie Jacobs, who had hold of the other end of the tie, is practically to the same effect. This evidence was sufficient prima facie to submit the case to the jury.

"It is the rule that brakemen on a train assume the risks and hazards arising from such jerks as are usually and ordinarily incident to the prudent operation of the train, and if injured or killed as a result of such a jerk there can be no recovery; but if killed or injured as the result of a jerk which was unusual and unnecessary, and so violent as to show a want of ordinary care on the part of those operating the train, then a recovery may be had." L. & N. R. Co. v. Strange's Adm'x, 156 Ky. 447, 161 S. W. 239. "A slight jerk, although it may be unnecessary, is to be expected in the ordinary movement of the cars and cannot be made the basis of an action for negligence. But where a jerk is unusual, unnecessary, and violent, it may be made the basis of an action for negligence." Louisville Ry. Co. v. Osborne, 157 Ky. 347, 163 S. W. 189. To same effect, see Central Ky. Traction Co. v. Smedley, 150 Ky. 598, 150 S. W.

658; I. C. Railway Co. v. Handsbrough, 151 Ky. 804, 152 S. W. 953.

The defendants proved by two other men who were working in the car that there was no jerk of the train at all; that they were standing up; were not thrown down and felt no jerk. It also proved by the section boss that he was walking along by the side of the train, and by a section hand who was on the outside, also walking along with the train, that there was no jerk of the train. By these witnesses it was proved that the plaintiff was too near the edge of the door when he tried to throw the tie out and that this was the reason for his injury.

It is earnestly insisted that the weight of the evidence is with the defendant. This is true. But this court cannot disturb the verdict of the jury on the weight of the evidence. It only reverses on this ground when the verdict is palpably against the evidence. The jury sees and hears the witnesses. The credibility of the witness is for them. Much that appears on a trial, when the parties and witnesses are before the jury, does not appear here on a transcript of the testimony. The Constitution guarantees a jury trial in cases of this character. To grant a new trial here on the preponderance of the evidence, when the verdict of the jury is not the result that the court would reach on the evidence, would be practically to deny the right of jury trial. So the rule is that a new trial will not be granted here, unless the verdict of the jury is palpably against the evidence. To say this here would be to say that the jury should have believed one set of witnesses and not another. This the court cannot do.

Judgment affirmed.