## Chesapeake & O. Ry. Co. v. Smith.

(Decided June 7, 1935.)

BROWNING & DAVIS and COMBS & COMBS for appellant.

O. C. HALL, B. M. JAMES and HILL & HOBSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The Chesapeake & Ohio Railway Company has appealed from a $1,000 judgment for personal injuries recovered against it by Mrs. Smith, who charged and testified she had taken passage at Bays Branch, on December 30, 1930, on a train of the defendant, expecting to go to her home on the left fork of Beaver Creek. At Allen in Floyd county it was necessary for her to change trains. When the train stopped at Allen, Mrs. Smith claims she and her three children, as well as other pas-

sengers, were leaving the train they were on, for the purpose of boarding another of the defendant's trains that would carry her to her destination. As she was descending the steps of the car, it was given, so she says, a terrific jerk backwards, by which she was thrown therefrom and sustained an injury to one of her legs as well as internal injuries from which she was caused to suffer and still suffers.

The defendant denied everything, even denying plaintiff was a passenger, and pleaded her contributory negligence, as the sole cause of her injuries, if she received any.

The plaintiff introduced Mollie Yonce, who supported plaintiff and testified she was at the station at Allen for the purpose of boarding a train for her home, which is at Burton, and that she saw Mrs. Smith on the steps of the car, saw the car move, and saw Mrs. Smith fall. These were the only witnesses to the alleged accident. The testimony of the witnesses for the defendant make it appear that Mrs. Smith's alleged fall is highly improbable, but it was for the jury to say which witnesses told the truth.

### The Instructions.

The railway company contends the court erred in refusing to instruct the jury to find for it, and in giving to the jury instruction B, because there was, so it says, no evidence of negligence on its part. The same argument is advanced in support of both of these alleged errors, so we shall dispose of them together. That argument is that it must not only be shown the jerk was unusual and unnecessary, but must also be shown it was of sufficient violence that it may be inferred therefrom that it was caused by negligence in the operation of the train. In support of this the defendant cites Louisville R. Co. v. Osborne, 157 Ky. 341, 163 S. W. 189; Louisville R. Co. v. Osborne, 171 Ky. 348, 188 S. W. 419; South Covington & Cinn. St. R. Co. v. Trowbridge, 163 Ky. 79, 173 S. W. 371; and others, but those were cases where the passenger was injured by attempting to leave, or by being thrown from, a then moving train, which is not true in this case. This train had stopped for passengers to alight, and, while they were alighting, the defendant had no right to move this train at all. Stover v. Cincinnati, N. & C. Ry. Co., 252 Ky. 425, 67 S. W.

(2d) 484. In instruction C the court in apt and elaborate language told the jury to find for plaintiff if the train came to a stop and then started up again without giving the plaintiff a reasonable time to alight, and she was thus thrown from the train and injured. The defendant says there was no pleading to support such an instruction, and it is true she does not use the words "reasonable time," but she does say this:

> "At the time the defendant, its agents, servants and employees gave the engine thereof such a sudden, violent, unusual and unnecessary jerk that caused plaintiff to fall, she and a number of other passengers were alighting from said train."

That is just another way of saying the defendant moved this train before she and other passengers had had a reasonable time to alight.

Judgment affirmed.