## Fitzwater et al. v. Cincinnati, Newport & Covington R. Co. (two cases)

October 27, 1950.

Rehearing denied December 12, 1950.

Rodney G. Bryson, Judge.

158

Harry K. Aurandt for appellants.

Arthur J. Daly for appellee.

JUDGE LATIMER—Affirming.

Two separate actions are involved in this appeal. Pearl Fitzwater in her action sought to recover from appellee for permanent injuries. Her husband, William Fitzwater, in his action sought recovery for loss of consortium and expenses. The causes were tried together, resulting in verdict for appellee.

Motion and grounds for new trial were filed in each case. In the wife's case the grounds for new trial were: (1) The verdict is contrary to the law and evidence. (2) The court erred in instructions as given. In the husband's case the ground was merely the verdict is contrary to the law and evidence.

Later an effort was made to amend the motion and grounds for a new trial by filing additional grounds. Objection was interjected thereto and the court sustained the objection. Appellants are here attacking the

instructions as given in the Pearl Fitzwater case, and insisting the court erred in both cases in refusing to allow appellants to file the additional grounds for a new trial.

We consider first the question as to the additional grounds. The question goes to the alleged misleading answers given by a prospective juror on voir dire examination. The affidavit of appellants' attorney in support of the motion shows that Mr. Daly, attorney for appellee, Railway Company, asked the panel whether or not any of them had ever had a claim against the Company for personal injuries. All the jurors remained silent, and Mr. Daly said: "I take it by your silence that you have not." Immediately after the noon adjournment, Mr. Daly called to the attention of Mr. Aurandt, attorney for plaintiff, that one of the jurors had settled a claim with the Company and showed Mr. Aurandt a release signed by the juror. Together they reported these facts to the court. Mr. Aurandt's affidavit in support of the motion does not say that at that time he filed motion to set aside the swearing of the jury, or took any steps or made any request for a ruling by the court. Appellants, in brief, say that no ruling thereon was made but that the court indicated a desire that the trial proceed. The affidavit of Mr. Daly, relative to the same matter, does say that "no motion to set aside the swearing of the jury for this case was made at the time by either Harry K. Aurandt, attorney for plaintiff, or this affiant."

It will readily be observed that the question before the court was not merely the right to amend a motion for new trial by setting up additional grounds. The cases cited, and many others, hold that to be right and proper generally. Nor is it the question of the false or misleading answers given by a prospective juror on voir dire examination. The question which confronted the trial court was whether or not a party litigant, after becoming fully aware of a situation, which obviously would justify a motion to discharge the jury, could stand idly by, proceed through the trial, and then, when a verdict is adverse to him, raise for the first time that question in an amended motion and grounds for new trial. Certainly it was not incumbent upon the court, even though the matter was brought to its atten-

tion, to discharge the jury on its own motion or take any action in reference thereto unless requested so to do. In Jefferson Dry Goods Co. v. Blunk, 264 Ky. 673, 95 S.W.2d 244, 247, it was said: ''It is the established rule that a party litigant who takes his chance on matters within his knowledge and without objections will not be heard to complain of such matters after the case has been determined adversely to him.''

We think the court properly struck the additional motion and grounds for new trial in both cases.

Appellant limits her attack upon the instructions to 1, 2, and 3, although in motion and grounds for new trial, she included 1 through 6. Instruction No. 1 reads:

''The jury is instructed that it was the duty of the agent of the defendant company, The Cincinnati, Newport and Covington Railway Company, in operating the Fort Mitchell street car upon which the plaintiff, Pearl Fitzwater, was a passenger, to observe the highest degree of care which a prudent person would exercise under like circumstances as shown by the evidence in this case, to transport the plaintiff to her destination in safety.

''If the jury believes from the evidence that while the plaintiff was about to alight from the defendant's car, and you further believe from the evidence that as the plaintiff was attempting to leave the car, the agents or servants in charge of it, caused it to move with such an unusual, unnecessary and sudden jerk, that plaintiff was thrown to the floor of the car and injured, the jury will find for the plaintiff; unless you so believe, you will find for the defendant.''

The complaint registered relative to Instruction 1 goes to the language: ''*  *  * and you further believe from the evidence that as the plaintiff was attempting to leave the car, the agents or servants in charge of it, caused it to move with such an unusual, unnecessary and sudden jerk, that plaintiff was thrown to the floor of the car and injured, *  *  *.'' It is insisted such is not applicable to passengers who are alighting from or attempting to board a street car. Stover v. Cincinnati, Newport & Covington Railway Co., 252 Ky. 425, 67 S.W.2d 484, is cited in support of that view. It will be noted that the cited case deals with

the rule applicable where a passenger is alighting from or stepping on a stationary car, in which case the carrier has no right to move at all. In the instant case, appellant, Mrs. Fitzwater, boarded a street car owned and operated by appellee in the City of Covington. She alleged in her petition, and undertook to show by her own testimony, that as she left her seat to walk forward in the car as it approached the stop where she intended to alight, the car was operated in such a careless and negligent manner as to cause her to fall and injure herself. Thus, it will be seen that the rule, as announced in the Stover case, does not apply. It is incumbent upon the complainant to show more than ordinary movement of the car, and further show, as a basis of her action, that the jerk which caused her injury was sudden, violent, unusual, and unnecessary. Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107; Louisville Ry. Co. v. Wilder, 143 Ky. 436, 136 S.W. 892; Wilder v. Louisville Ry. Co., 157 Ky. 17, 162 S.W. 557; Louisville Ry. Co. v. Osborne, 157 Ky. 341, 163 S.W. 189; South Covington & C. St. Rwy. Co. v. Trowbridge, 163 Ky. 79, 173 S.W. 371; Millers Creek R. R. Co. v. Blevins, 181 Ky. 800, 205 S.W. 911; Louisville & I. R. Co. v. Roberts, 190 Ky. 744, 228 S.W. 681; Illinois Central R. R. Co. v. Jolly, 117 Ky. 632, 78 S.W. 476. We find no merit in the contention relative to Instruction 1.

The severest criticism is directed at Instructions 2 and 3, which read:

"2 If the jury believe from the evidence that at the time and place, and under the circumstances disclosed by the proof, plaintiff failed to exercise ordinary care for her own safety, and was by reason thereof caused to fall and was in said manner injured; or if you believe from the evidence that the street car from which the plaintiff was alighting, did not jerk or make an unusual move while plaintiff was attempting to alight, or that said plaintiff was caused to fall in any other manner, or by reason of any other than the movement of the car, then in any of said events the law is for the defendant, and you should so find.

"3 The Court instructs the jury that the defendant was not an insurer of the safety of the plaintiff while she was traveling as a passenger on said car, and that

the plaintiff, as a matter of law, was presumed to have taken upon herself all of the reasonable risks necessarily incident to street car travel, by careful, prudent operators for transportation over the street on which she was traveling at the time of the alleged injury, and if the jury believe from the evidence that, without the fault of the defendant's agent, but by an accident arising from causes beyond the control of the defendant's agent, plaintiff was injured, the jury will find for the defendant.''

We consider these two instructions together because appellant says they are inaccurate, incomplete, and in a sense contradictory. Appellant insists that instruction 3 is clearly erroneous for the reason that it is a mere abstract statement of law and in effect tells the jury that a passenger on a street car assumes certain risks. As a matter of fact it does nothing more than call to the attention of the jury that the Railway Company was not an insurer of its passengers. We think that instead of the two instructions being contradictory, they are more or less explanatory of each other. In 2, the court instructs the jury that if, at the time and place and under the circumstances, plaintiff failed to exercise ordinary care for her own safety, the law is for defendant. This put on her the duty of exercising ordinary care for her own safety, and impliedly said that the Railway Company was not an insurer of its passengers. Instruction 3 says plainly that the Company was not an insurer of its passengers. The evidence shows the traffic to have been heavy; that appellant knew this fact; and further knew that the car was making frequent stops because of this heavy traffic, yet with this knowledge signaled the motorman for her stop, arose from her seat and proceeded toward the exit while the car was yet in motion. Under such circumstances, we think there is justification for Instruction No. 2. We are not by any means approving Instruction No. 3, but under the circumstances here, when read with No. 2, we think it not prejudicial. Instructions 1, 2, and 3, taken together, placed on the Company the highest degree of care and charged appellant with only ordinary care. While not in the best form, we think the instructions as given presented fairly the law under the circumstances of this case. To say the least, they were not prejudicial.

It is further claimed that the verdict is contrary to the law and evidence. Here we have the testimony of appellant, Mrs. Fitzwater, alone, of a sudden jerk of the car which caused her to fall as she was proceeding toward the exit. There was testimony of another passenger, who was proceeding to an exit just behind appellant, which showed there to be no noticeable sudden motion or jerk of the car. This was corroborated by others. Obviously, with this contradiction, it was the prerogative of the jury to consider the facts.

Necessarily the husband's cause must fall with that of his wife.

The judgment is affirmed in each case.