**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Kenneth C. DEVILLEZ et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1966.

only an option to purchase the lot involved and were therefore not the owners. By written contract the Vaughns had undertaken to purchase the property by making a down-payment and monthly payments totaling $1200. This agreement was entered into in 1959, and at the time of the condemnation suit (as appears from appellees' brief) practically the entire purchase price had been paid. Neither party gives us a record reference to this contract and we have been unable to find it.

We think it evident the Vaughns had such an equitable and beneficial interest in this property as to be properly treated as the owners thereof. We are at a loss to understand the nature of the error upon which the Commonwealth apparently insists. No claim is made that the method of trial or the amount of the award resulted in an excessive allowance for the land taken. We are unable to discover how the Commonwealth was prejudiced in any respect, and therefore find no prejudicial error on this point.

It is next contended the trial court erroneously overruled the Commonwealth's challenge of a juror for cause. This juror on voir dire had expressed what would be an improper criterion for an award of damages in a condemnation case. Upon interrogation by the court, he stated that he could render a fair verdict "under the circumstances as to the value of the property taken". The trial judge accepted this statement as indicating the juror would consider himself bound by the evidence and the instructions. In ruling upon a challenge for cause the court has a wide discretion. Wilder v. Louisville Ry. Co., 157 Ky. 17, 162 S.W. 557. We find no abuse of discretion.

The judgment is affirmed.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Robert Lee Hall, Covington, Richard H. Peek, Richard Weisenberger, Paducah, for appellant.

J. Gordon Lisanby, Princeton, for appellees.

CLAY, Commissioner.

In this proceeding the Commonwealth condemned land affecting four different lots in a subdivision, and the actions were consolidated for trial. Appellees Vaughn were treated as the owners of one of the lots.

The Commonwealth appeals from a judgment in the circuit court but does not complain of the amounts awarded. Appellees Vaughn were awarded $1200.

The Commonwealth's first contention is that the lot in which appellees Vaughn had an interest should not have been separately valued. It is argued that they had