## Louisville & Nashville Railroad Company v. Bland.

(Decided October 11, 1916.)

### Appeal from Garrard Circuit Court.

1. Carriers—Negligent Operation—Submission to Jury.—If a passenger on a train is notified that the next stop will be his station, and knows from his knowledge of the country that the train is approaching his station, and the train lessened its speed, whereby he was led to believe that it was preparing to stop at the station, as it should have done, and he goes upon the platform of the car with the purpose of alighting, and after reaching there and just before the train reached the station, its speed was suddenly accelerated to such an extent that, as it went around a curve a short distance beyond the station, the jerk or wrench caused him to be thrown therefrom, the case was properly submitted to the jury on the issue of negligent operation.

2. Negligence—Submission to Jury.—To authorize the court to hold as a matter of law that one has been guilty of negligence, the inference to be drawn from the evidence must be certain and incontrovertible; otherwise the issue must be submitted to the jury.

3. Carriers—Pasengers—Negligence.—Where a passenger leaves a railroad coach and goes upon the platform with the purpose of alighting therefrom as it approaches his station, it must generally be left to the jury to determine under proper instructions whether from all the facts in evidence he was or not guilty of contributory negligence.

4. Pleading—Contributory Negligence.—Where there are two paragraphs in an answer pleading contributory negligence, one specify-

ing the contributory negligence relied upon and the other containing a general plea of contributory negligence, the court properly struck out one of the paragraphs.

Master and Servant—Assumed Risk.—The defense of assumed risk ordinarily presupposes the relation of master and servant.

6.  Carriers—Injury to Passenger—Proximate Cause—Evidence.— Under the evidence neither the failure of the train to stop at the station nor the high rate of speed at which it passed the station, singly or combined, was the proximate cause of his being thrown from the platform; the sole and only cause under the evidence was the suddenly accelerated speed of the train at a time and place when the plaintiff had a right to expect the train to slacken its speed and stop.

7.  Carriers—Instructions.—An instruction which authorized a recovery for negligent acts which were neither the direct nor proximate cause of the plaintiff's injury was erroneous.

BENJAMIN D. WARFIELD, J. E. ROBINSON and SHELBY, NORTHCUTT & SHELBY for appellant.

JAMES I. HAMILTON and LEWIS L. WALKER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This is an action by appellee for damages alleged to have been sustained by him in being thrown from the platform of one of appellant's trains, because of the negligent operation thereof.

In August, 1914, appellee, a young man then about twenty years of age, very early one morning boarded appellant's train at Lancaster, having first purchased a round-trip ticket to Cincinnati. He and his companion, Luce, went to Cincinnati on the train and after spending the day there and in Covington late that afternoon boarded a train for the return trip. The train reached Lancaster very late in the night, and at the next station north of Lancaster some of the trainmen announced that the next stop would be Lancaster, and as the train approached that place appellee awakened his companion, who had gone to sleep, and prepared to alight. No announcement was made by any of the train crew of the approach to the Lancaster station, but appellee knowing from the country and from his knowledge of the locality that they were approaching the station, and the speed of the train having lessened, as he thought with the purpose of stopping at the station, he went upon the platform to alight from the train; the train instead of stopping at the station when it reached there sudden-

ly increased its speed and while going at the rate of
about twenty or twenty-five miles an hour a short dis-
tance beyond the station, appellee, according to his state-
ment, was jerked or thrown from the train as it was go-
ing around a curve. It is conceded that the train did
not stop at the station but that it went something like a
mile beyond the station and then backed up when the
other passengers alighted.

The petition contains only a general charge of neg-
ligence in the management and operation of the train.

The defendant answered in four paragraphs, the first
of which is only a traverse of the petition; the second
was a plea of contributory negligence, alleging affirma-
tively that the plaintiff had negligently gone upon the
platform while the train was in rapid motion and while
it was in such motion had negligently and voluntarily
jumped from the platform to the ground; the third
was a general plea of contributory negligence and the
fourth paragraph was a plea of assumed risk.

The court upon motion of the plaintiff struck out
the second and fourth paragraphs of the answer.

On the trial the jury returned a verdict for the plain-
tiff in the sum of $5,000, upon which judgment was en-
tered and from which this appeal is prosecuted.

The evidence of the plaintiff as to the manner of
the accident consisted chiefly of the statements of the
plaintiff himself although in some respects it was cor-
roborated by other witnesses; while the evidence for
the defendant by two or three witnesses was to the ef-
fect that the plaintiff voluntarily jumped from and did
not fall from the moving train.

A reversal is sought, (1) because of the Court's re-
fusal to give a peremptory instruction, (2) because of
its action in striking out the second and fourth para-
graphs of its answer, and (3) because of error in the
instructions.

The appellant thinks it was entitled to a peremptory
instruction because (1) even if the plaintiff fell from
the train defendant was guilty of no negligence which
was the proximate cause of the plaintiff's injury, and
(2) because the plaintiff was guilty, as a matter of law,
of contributory negligence.

The first proposition is based upon the idea that the
only negligence shown was the failure to stop the train
at the station, and if this were true appellant's position

would be correct, for it is apparent that the mere failure to stop the train at the station, as it is admitted it was the duty of the defendant to do, was not the cause of the injury. But in addition to that negligence the evidence for the plaintiff shows that he was notified at Hyattsville that the next stop would be Lancaster; that he knew from his knowledge of the country when the train reached the outskirts of Lancaster and was nearing the station, that the train whistled and lessened its speed whereby he was lead to believe it would stop at the station, and so believing he went upon the platform of the car with the purpose of alighting; that after he reached the platform, and just before the train reached the station where it should have stopped, its speed was suddenly accelerated to such an extent that, as it went around a curve a short distance beyond the station, the jerk or wrench caused him to be thrown from the train. Clearly the causal negligence, under the plaintiff's evidence, was the sudden and unexpected acceleration of speed at or near a place where the plaintiff had the right to expect the train to stop.

The second ground urged for a peremptory must likewise be denied; it has frequently been held by this Court that to authorize the Court to hold as a matter of law that there was negligence, the inference to be drawn from the evidence must be certain and incontrovertible, otherwise the case must be submitted to the jury. Dalls v. I. C. Ry. Co., 144 Ky. 737. And it has likewise been held that where one leaves a railroad coach and goes upon the platform with the purpose of alighting from the train as it approaches a station that it must be left to the jury to determine under proper instructions whether from all the facts in evidence he was or not guilty of contributory negligence. L. & N. R. R. Co. v. Head, 22 Rep. 863; L. H. & St. L. Ry. Co. v. Stillwell, 142 Ky. 330. The jury in the case at bar might well have thought that the plaintiff in going upon the platform of the car as it approached the station at Lancaster after it lessened its speed, as testified to by plaintiff's witnesses, acted with ordinary care for his own safety; or it might have thought from the evidence that the train had not slackened its speed and was going at a high rate of speed when he went upon the platform and that he had been guilty of contributory negligence. Under the evidence in this case the question was for the jury

and the Court properly overruled the motion for a directed verdict.

Manifestly one plea of contributory negligence was sufficient in the answer, and the allegations in the second paragraph of the answer specifying the contributory negligence of which the plaintiff was guilty, as alleged, added nothing to the general plea of contributory negligence contained in the third paragraph, as under the latter the defendant was permitted to and did introduce all the evidence on that issue.

The defense of assumed risk had no place in this case; ordinarily that defense pre-supposes the existence of the relation of master and servant and as no such relation existed between the plaintiff and defendant the fourth paragraph was properly stricken from the answer.

The trial court in instruction No. 1 authorized a recovery for the plaintiff if the train failed to stop at Lancaster and passed by the station at a high rate of speed whereby the plaintiff was thrown from the train, but did not submit to the jury the sudden accelerated speed of the train after the plaintiff had gone upon the platform which plainly caused the jerk or wrench which threw the plaintiff from the train, according to the plaintiff's theory, as a ground for recovery. Neither the mere failure of the train to stop at the station, nor the high rate of speed at which it may have passed the station, singly or combined, was the proximate cause of his being thrown from the platform. The failure of the train to stop at the station was admittedly a breach of duty, and the passing by the station at a high rate of speed it necessarily follows was also a breach of duty, but neither of these acts of negligence was directly or even proximately the cause of the plaintiff being thrown from the platform. The sole and only cause, direct or proximate, was the sudden accelerated speed of the train at or near the station at a time and place, according to the plaintiff's theory, when he had a right to expect the train to slacken its speed and stop. If the plaintiff in the exercise of ordinary care for his own safety under all the facts and circumstances in evidence went upon the platform with the reasonable expectation and belief that the train which had already slowed down would continue to get slower and finally stop at the station where it was the duty of the trainmen to stop it, and after

reaching the platform with this expectation and belief, it instead of continuing to slow down and stop, suddenly without warning to him, increased its speed and thereby caused such a jerk or wrench as threw him from the platform, then he may recover and not otherwise.

No matter how negligent the failure to stop at the station may have been the plaintiff could not recover unless that was the cause of the injury. In our view the real question in the case was not submitted in the instructions.

On another trial the court in lieu of instruction No. 1 will give the following instruction:

"You are instructed that it was the duty of the employes in charge of the train in question to stop the same at the Lancaster station; and if you believe that as the train approached the Lancaster station it slackened its speed and the plaintiff thereafter, while exercising ordinary care for his own safety, went upon the platform of the car with the purpose of alighting therefrom, and that after he reached the platform and just before the train reached the Lancaster station, without warning or notice to the plaintiff, the train was caused to suddenly increase its speed and that because of such sudden increase, if any, the plaintiff was thrown from the train, you will find for the plaintiff; unless you so believe you will find for the defendant."

The instructions in other respects are unobjectionable.

Because of our opinion that the giving of instruction No. 1 was reversible error, as indicated above, we have not deemed it necessary to advert to appellant's complaint of the Court's action in refusing to require the plaintiff to submit to a physical examination by defendant's physician during the trial, or its complaint that the amount of the verdict was excessive.

Because of the error in the instruction referred to the judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.